MATTLEMAN, WEINROTH & MILLER, P.C.
Christina J. Pross, Esquire (CP0245)
401 Route 70 East, Suite 100
Cherry Hill, NJ 08034
(856) 429-5507
*Attorneys for Citizens Bank of Pennsylvania*
File no. 2900.98637

Order Filed on January 8, 2019
by Clerk
U.S. Bankruptcy Court
District of New Jersey

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **IN RE:** | : | **Chapter 13** |
| **JOHN J. DIGREGORIO,** | : | **Case No. 18-26526 ABA** |
| **Debtor.** | : | **CERTIFICATION OF CREDITOR** |
| | : | Hearing Date: January 8, 2019 at 10:00am |
| | : | Judge: Andrew B. Altenburg |

### ORDER VACATING AUTOMATIC
### STAY AS TO REAL PROPERTY

The relief set forth on the following pages, numbered two (2) through three (3), is hereby

**ORDERED.**

**DATED: January 8, 2019**

_/s/ Andrew B. Altenburg, Jr._
Honorable Andrew B. Altenburg, Jr.
United States Bankruptcy Court

**UPON THE MOTION OF** Citizens Bank of Pennsylvania ("Movant"), by and through its attorney, Christina J. Pross, Esquire of the law firm, Mattleman, Weinroth & Miller, P.C., under Bankruptcy Code Section 362(d) for relief from the automatic stay as to certain real property as hereinafter set forth, and for cause shown, it is

**ORDERED** that the automatic stay is vacated to permit the Movant to institute or resume and prosecute to conclusion one or more action(s) in the court(s) of appropriate jurisdiction to pursue the movant's rights in the following:

Real property more fully described as **105 Fox Meadow Drive, Sicklerville, NJ 08081**

Premises identified by the lot and block numbers set forth below on the official tax map of the Township of Gloucester, County of Camden and the State of New Jersey.

| BLOCK NUMBER(S) | LOT NUMBER(S) |
|---|---|
| 15704 | 9 |

It is further ORDERED that the movant, its successors or assignees, may proceed with its rights and remedies under the terms of the subject mortgage and pursue its state court remedies including, but not limited to, taking the property to sheriff's sale, in addition to potentially pursuing other loss mitigation alternatives, including, but not limited to, a loan modification, short sale or deed-in-lieu of foreclosure. Additionally, any purchaser of the property at sheriff's sale (or purchaser's assignee) may take any legal action for enforcement of its right to possession of the property.

It is further ORDERED that the Movant may join the Debtor and any Trustee appointed in this case as Defendants in its foreclosure action(s) irrespective of any conversion to any other chapter of the Bankruptcy Code.

~~It is further ORDERED that the relief granted by this Order shall be effective immediately and shall not be subject to the fourteen (14) day period set forth in Bankruptcy Rule 4001(a)(3).~~

It is further ORDERED that all communications sent by movant in connection with proceeding against the property including, but not limited to, notices required by state law and communications to offer and provide information with regard potential loss mitigation options pursuant to applicable non-

2

bankruptcy law, including loan modifications, deeds in lieu of foreclosure, short sales and/or any other potential loan workouts or loss mitigation agreements, may be sent directly to the debtor.

The movant shall serve this order on the debtor, any trustee and other party who entered an appearance on the motion.