| |
|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>Eric J Clayman, Esq<br>Jenkins & Clayman<br>412 White Horse Pike<br>Audubon, NJ 08106<br>856-546-9696 |
| In Re:<br><br>    John J. DiGregorio<br>        Debtor |

Order Filed on May 10, 2022
by Clerk
U.S. Bankruptcy Court
District of New Jersey

Case No.:     18-26526

Hearing Date:    5/3/2022 at 10:00 am

Chapter:    13

Judge:    Andrew B. Altenburg

## ORDER AUTHORIZING
## SALE OF REAL PROPERTY

**Recommended Local Form:**   ☐ Followed   ☒ Modified

   The relief set forth on the following pages numbered two (2) and three (3) is **ORDERED**

**DATED: May 10, 2022**

Honorable Andrew B. Altenburg, Jr.
United States Bankruptcy Court

After review of the Debtor's motion for authorization to sell the real property commonly known as ___105 Fox Meadow Drive, Sicklerville, NJ 08081___ (the Real Property).

**IT IS** hereby **ORDERED** as follows:

1. The Debtor is authorized to sell the Real Property on the terms and conditions of the contract of sale pursuant to 11 U.S.C. §§ 363(b) and 1303.

2. The proceeds of sale must be used to satisfy the liens on the real property unless the liens are otherwise avoided by court order. Until such satisfaction the real property is not free and clear of liens.

3. ☒ In accordance with D.N.J. LBR 6004-5, the *Notice of Proposed Private Sale* included a request to pay the real estate broker and/or debtor's real estate attorney at closing. Therefore the following professional(s) may be paid at closing.

> **Name of Professional**: Anthony Balboni of Key Properties Real Estate
>
> Amount to be paid: 5%, may be shared with participating broker, eXp Realty
>
> Services Rendered: Real Estate Agent
>
> Jenkins & Clayman shall be paid an estimate of $1,000.00 for legal fees relating to the bankruptcy aspect of the sale of real estate.

**OR**: ☐ Sufficient funds may be held in escrow by the Debtor's attorney to pay real estate broker's commissions and attorney's fees for the Debtor's attorneys on further order of this court.

4. Other closing fees payable by the Debtor may be satisfied from the proceeds of sale and adjustments to the price as provided for in the contract of sale may be made at closing.

5. The amount of $ N/A claimed as exempt may be paid to the Debtor.

6. The ☐ *balance of proceeds* or the ☒ *balance due on the debtor's Chapter 13 Plan* must be paid to the Chapter 13 Trustee in the Debtor's case.

7. A copy of the HUD settlement statement must be forwarded to the Chapter 13 Trustee 7 days after closing.

8. ☐  The debtor must file a modified Chapter 13 Plan not later than 21 days after the date of this order.

9.  All remaining net proceeds from sale shall be paid at closing to the Debtor, John J. DiGregorio.